```
UNITED STATES DISTRICT COURT

    EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| BERNARDO COLON, | ) 11:-cv—01420-SMS-HC |
| | ) |
| Petitioner, | ) ORDER DEEMING MOTION (DOC. 3) TO |
| | ) BE IN PART A BRIEF IN SUPPORT OF |
| | ) THE PETITION (DOCS. 3, 1) |
| v. | ) |
| | ) ORDER DISMISSING IN PART THE |
| BRENDA CASH, Warden, | ) MOTION AS MOOT, AND DENYING THE |
| | ) MOTION IN PART (DOC. 3) |
| Respondent. | ) |
| | ) |
| | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is Petitioner's "MOTION TO FILE DIRECT APPEAL AS PETITIONER'S PETITION FOR HABEAS CORPUS," which was filed in the United States District Court for the Central District of California in conjunction with the petition on July 6, 2011, and transferred to this Court on August 25, 2011. (Doc. 3.)

Petitioner, an inmate of the California State Prison, Los Angeles, raises in the petition challenges to a sentence and underlying convictions sustained in 2008 in the Superior Court of

the State of California, County of Kern.  Petitioner raises four issues that were discussed in the opinion that issued on direct appeal from the California Court of Appeal, Fifth Appellate District (DCA) (pet. 46-88), and were addressed in a petition for review filed on behalf of Petitioner in the California Supreme Court (pet. 14-44).  (Pet. 3-4, 6-7, 10.)  Petitioner did not submit a separate brief or memorandum in support of the petition.

In his "MOTION TO FILE DIRECT APPEAL AS PETITIONER'S PETITION FOR HABEAS CORPUS," Petitioner informs the Court that he seeks to raise in the petition before this Court the issues that he raised in the state courts on direct appeal.  The motion thus appears to constitute in part a brief on the merits.  The motion is thus DEEMED to be in part a brief in support of the petition.

Further, to the extent that Petitioner seeks to raise the issues he has already raised, Petitioner's motion is DISMISSED as moot because Petitioner has already raised the issues in his petition.

In his motion, Petitioner also seeks the Court to accept and file unspecified "ATTACHED DIRECT APPEAL TRANSCRIPTS," but no transcripts are attached.  (Mot. 1.)  Petitioner has already incorporated by reference the appellate opinion and the petition for review, which are attached to the petition.  See, Fed. R. Civ. P. 10(c).[1]  Accordingly, insofar as Petitioner seeks to

---

[1] Habeas corpus proceedings are characterized as civil in nature.  See, Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 269 (1978).  Rule 12 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) provides that the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or the rules, may be applied to a habeas proceeding.  The Advisory Committee's Notes caution that the civil rules apply only when it would be appropriate to do so and would not be inconsistent or inequitable in the overall framework of habeas corpus.  Mayle v. Felix, 545 U.S. 644, 654-655 n.4

2

1 submit transcripts, his motion is DISMISSED as moot, without
2 prejudice to a renewed motion which contains specific
3 attachments.
4      Petitioner also seeks the Court to give him legal advice
5 concerning an issue regarding which there may have been or will
6 be a question concerning preservation of the issue for review.
7 The Court is unable to give legal advice, and thus, to the extent
8 that Petitioner seeks legal advice in the motion, the motion is
9 DENIED.

11 IT IS SO ORDERED.

**Dated:   August 31, 2011**              **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE

---

(2005).

3